[625 NYS2d 581]

In the Matter of JOHN A. VIGGIANO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 17, 1995

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn *(Robert Saltzman* of counsel), for petitioner.

*Alex S. Rosenblum,* Forest Hills, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with seven allegations of professional misconduct. The Special Referee sustained Charges One through Five but failed to sustain Charges Six and Seven. The petitioner moves to confirm that portion of the Special Referee's report which sustained Charges One, Two, Three, Four, and Five, and to disaffirm that portion of the report which failed to sustain Charges Six and Seven. The respondent cross-moves to confirm so much of the report as failed to sustain Charges Six and Seven and to disaffirm so much of the report as sustained Charges One through Five.

Charge One alleged that the respondent improperly commingled client funds with personal funds. The respondent maintained an account at The Bank of New York entitled "John A. Viggiano, Counselor-at-Law". The respondent routinely deposited client monies entrusted to him into that account. That account was used by for both business and personal purposes. In committing the aforesaid acts, the re-

spondent violated Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]) and 22 NYCRR former 691.12.

Charge Two alleged that the respondent failed to properly safeguard client funds entrusted to him. By his actions in Charge One, the respondent failed to maintain a special account or accounts, separate from any business or personal accounts, into which special account or accounts all funds held in escrow or otherwise entrusted to the respondent should have been deposited. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]) and 22 NYCRR former 691.12.

Charge Three alleged that the respondent improperly allowed his professional judgment on behalf of a client to become impaired by his own financial, business, and personal interests. In or about February 1990, the respondent was retained by a client to represent her in the purchase of a building. The seller was the Greenpoint Savings Bank. J.V. Realty was the real estate broker in the transaction. The respondent was, at the time, the principal and broker of record of J.V. Realty. The respondent did not fully disclose his relationship with J.V. Realty to his client. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 5-101 (A) (22 NYCRR 1200.20 [a]).

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation. On or about February 27, 1990, the respondent represented the client referred to in Charge Three at the contract signing. The client had not inspected the interior of the building she was purchasing. Nevertheless, the respondent encouraged his client to sign the contract by misrepresenting that the property was a foreclosure, and she would have to accept the property in an "as is" condition. In fact, the property was a resale by Greenpoint of an already foreclosed-upon property. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]).

Charge Five alleged that the respondent failed to act competently in his representation of the aforesaid client. The respondent failed to investigate representations made to the client regarding the tenants and leases concerning the subject property. At the closing, the respondent negotiated an agreement with the seller's attorney regarding the costs of repairs for any structural damages. That agreement by its very terms

was illusory and ineffective, as it did not survive the closing. In committing the aforesaid acts the respondent violated Code of Professional Responsibility DR 6-101 (A) (2) (22 NYCRR 1200.30 [a] [2]).

Charge Six alleged that the respondent intentionally prejudiced his client during the course of their professional relationship by his actions as enumerated in Charges Three, Four and Five. In committing the aforesaid acts, the respondent violated Code of Professional Responsibility DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3]).

Charge Seven alleged that the respondent engaged in conduct which adversely reflected upon his fitness to practice law by engaging in the conduct elucidated in Charges One through Six. As such, the respondent violated Code of Professional Responsibility DR 1-102 (A) (7) (now [8]) (22 NYCRR 1200.3 [a] [8]).

Based on the evidence adduced, we find that the Special Referee erred in failing to sustain Charges Six and Seven. Accordingly, the petitioner's motion is granted, with the result that Charges One through Seven are sustained, and the respondent's cross motion is denied in its entirety.

In determining an appropriate measure of discipline to impose, we have considered the mitigation offered by the respondent, including his valorous military record and the numerous character letters submitted which attest to his high ethics and unimpeachable integrity. The respondent is, nevertheless, guilty of serious professional misconduct, including commingling, conflict of interest, and prejudicing his client. Moreover, the respondent's record is not unblemished. He was issued a Letter of Admonition, dated March 14, 1985, based upon a conflict between the interests of his clients in a real estate purchase and those of himself and his son. The respondent was also admonished on April 19, 1976, for neglecting a legal matter.

Under the circumstances and in view of the repetitive nature of his misconduct, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and PIZ-ZUTO, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in

part and disaffirm in part is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, John A. Viggiano, is suspended from the practice of law for a period of two years, commencing June 1, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John A. Viggiano, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.